835 F.2d 874
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Clinton E. HEFLIN, Plaintiff-Appellee,
v.
RICHMOND, FREDERICKSBURG & POTOMAC RAILROAD COMPANY,
Defendant & Third Party Plaintiff-Appellee,
v.
HOWAT CONCRETE COMPANY, INC., Third Party Defendant-Appellant.
Clinton E. HEFLIN, Plaintiff-Appellee,
v.
RICHMOND, FREDERICKSBURG & POTOMAC RAILROAD COMPANY,
Defendant & Third Party Plaintiff-Appellant,
v.
HOWAT CONCRETE COMPANY, INC., Third Party Defendant-Appellee.
 No. 87-1045L, 87-1060.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 3, 1987.
Decided Nov. 20, 1987.
 
 Jerone Ostrov (Morris Kletzkin, Friedlander, Misler, Friedlander, Sloan & Herz on brief) for appellant.
 Gerald Gay (Richard R. Beauchemin, Arnold, Beauchemin & Tingle, P.A., Wilmer S. Schantz on brief) for Clinton E. Heflin, Fred Calvin Alexander (McGuire, Woods, Battle & Boothe on brief) for Richmond, Fredericksburg & Potomac Railroad, Co.
 Before HARRISON L. WINTER, Chief Judge, K.K. HALL, Circuit Judge and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Clinton E. Heflin (Heflin) sued Richmond, Fredericksburg & Potomic Railroad Co. (RF & P) for negligence under the Federal Employers Liability Act, 45 U.S.C. Sec. 51 (F.E.L.A.) and RF & P cross claimed against Howat Construction Co., Inc. (Howat) for contribution or indemnification under Virginia common law. The jury returned a special verdict finding RF & P passively negligent and Howat actively negligent, thus entitling Heflin to full recovery against RF & P and entitling RF & P to full indemnification from Howat. Howat appeals from the district court's denial of its alternative motion for j.n.o.v.[1] or for new trial. RF & P appeals from the denial of its protective motion for new trial.[2] We affirm.
 
 
 2
 On August 13, 1983, Heflin, a freight conductor employed by RF & P injured his lower back when attempting to throw a switch located on property owned by Howat. Switching is a process used to transport hopper cars onto an empty track after delivery to make room for loaded cars. Evidence established that the hopper cars used to transport sand and gravel onto Howat's property were over forty years old and had a well-known history of leaking sand onto the switches causing the switches to stick. The central issues at trial were the allocation of responsibility to clear the switches and whether RF & P and Howat complied with the appropriate standards of care.
 
 
 3
 Howat's appeal raises only questions of the legal sufficiency of the evidence to support the jury's special verdicts. Howat's argument on appeal is essentially twofold: (1) RF & P failed to establish adequately Howat's duty of care in maintaining the switches, and if it did adequately establish the standard of care, Howat met that standard; and (2) if Howat failed to meet the standard, RF & P was also actively, rather than passively, negligent.
 
 
 4
 We are not persuaded by either argument. First, RF & P's track manager stated at trial that properly to maintain the switches one has to "sweep them out every so often; also lubricate the switch points where the points set on the switch plates, and also maintain the stand." Howat acknowledges that maintaining the switches was its responsibility and that its maintenance schedule consisted of checking the switches once or twice a week but sometimes as infrequently as once every week or two weeks. The evidence thus established an adequately-defined standard of care and a jury could properly conclude from this evidence that Howat fell short of that standard. Second, since Howat acknowledges that maintenance was its responsibility, a jury could reasonably find that RF & P's duty, to the extent it had one, was secondary and that therefore that any negligence by RF & P was passive.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 RF & P argues that Howat is procedurally foreclosed from appealing based on sufficiency of the evidence since in Howat's motion for directed verdict, Howat failed to state the specific grounds therefor. Given the summary dismissal of Howat's oral motion, we will consider the issue on the merits. See Miller v. Premier Corp. 608 F.2d 973 (4 Cir.1979)
 
 
 [2]
 Heflin moved to dismiss RF & P's appeal on the ground that no authority exists for a protective appeal. In light of the discussion below this issue is moot